**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-03358-CMA-BNB

C.S., an unemancipated person, through his parents and next friends,
Michael and Cynthia Schaffer,

    Plaintiff,

v.

PLATTE CANYON SCHOOL DISTRICT NO.1,
MIKE SCHMIDT, Individually, and
MEGGIN STOUT, Individually,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

---

This matter is before the Court on Plaintiff C.S.'s Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. # 79.) Because the Court finds that it neither misapprehended material facts nor misapplied controlling law in its prior order granting in part Defendants' motion for summary judgment (Doc. # 77), C.S.'s motion is DENIED.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) gives federal courts the power to alter or amend judgments under certain circumstances. Fed. R. Civ. Pro. 59(e). Relief under Rule 59(e) is appropriate only where "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012

(10th Cir. 2000). In a Rule 59(e) motion, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

## II. DISCUSSION

### A. Timeliness of Defendants' Response to C.S.'s Motion

On September 23, 2014, final judgment was entered in Defendants' favor (Doc. # 78) following this Court's grant in part of Defendants' motion for summary judgement (Doc. # 77). On October 6, 2014, C.S. timely filed a motion to alter or amend the judgment pursuant to Rule 59(e). (Doc. # 79.) Twenty-two days later, on October 28, 2014, C.S. filed a "reply" in which he stated that Defendants' "failure to respond to Plaintiff's Motion" means that Defendants "tacitly concede their agreement with the contents of the Motion and that they do not oppose the relief requested therein." (Doc. # 82.) Later that same day, Defendants filed their response to C.S.'s motion, in which they argue that they were permitted three additional days to respond to C.S.'s motion under Rule 6(d) because service of the motion was made via "electronic means" pursuant to Rule 5(b)(2)(E).

Rule 7.1(d) of the Local Rules of Civil Practice for the District of Colorado states that "[t]he responding party shall have 21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response." D.C.COLO.LCivR 7.1(d). Federal Rule of Civil Procedure 6(d) provides that "3 days are added" to this time period when service is made pursuant to Rule 5(b)(2)(E), which allows for service via "electronic means if the person consented in writing." Rule 5(b)(3) provides that "[i]f a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)." The Local Rules of Civil Practice for the District of Colorado authorize service via CM/ECF in Rule 5.1(d), which

provides that "[w]hen a pleading or document is filed in CM/ECF, it is served electronically under Fed. R. Civ. P. 5." D.C.COLO.LCivR 5.1(d). Rule 5.1(d) further provides that "[r]egistration in CM/ECF shall constitute consent to electronic service of all pleadings or documents." Therefore, parties in this District are allowed a total of 24 days to respond to a motion served via CM/ECF. Thus, Defendants' response to C.S.'s motion was timely filed on October 28, 2015.

### B. C.S.'s Motion to Alter or Amend the Judgment

In his motion, C.S. argues that this Court misapprehended and misconstrued material facts and misapplied controlling law with regard to his due process claim under the Fourteenth Amendment to the United States Constitution. C.S. identifies seven excerpts from this Court's order wherein this Court allegedly "misapprehended material facts, improperly accepted Defendants' statement of the facts that were directly refuted by Plaintiffs, or failed to construe the facts in the light most favorable to C.S." (Doc. # 79 at 2.) After carefully reviewing the excerpts identified by C.S. and this Court's prior order granting in part Defendants' motion to dismiss, this Court finds that it neither misapprehended material facts nor misapplied controlling law.

C.S.'s argument is based primarily on semantics and characterizations. For example, C.S. takes issue with this Court's statement regarding its decision to not become entangled in the "parsing of the meanings of the terms the paraprofessionals used to describe Ms. Stout's behavior." (Doc. # 79 at 2-3.) This statement, however, is not a factual finding, and C.S.'s disagreement with the Court's opinion on this point does not provide justification to alter or amend the judgment. Also, C.S. criticizes the Court for its use of the term "tilting technique" to describe Ms. Stout's actions (Doc. # 79 at 8),

whereas the paraprofessionals referred to Ms. Stout's actions as "dumping."  This difference, however, is not a proper basis to alter or amend the judgment because it does not involve the misapprehension of a material fact.  C.S. does not allege that this Court misunderstood Ms. Stout's actions; he simply disagrees with the label that this Court applied to those actions.

C.S. also takes issue with this Court's factual finding that C.S. did not suffer from any physical injuries as a result of Ms. Stout's actions.  (Doc. # 79 at 9-10.)  In his Rule 59(e) motion, C.S. alleges that he is "functionally blind, confined to a wheelchair, and physically incapable of performing almost any task he was able to perform prior to the abuse."  (Doc. # 79 at 9-10.)  However, this Court correctly stated in its order granting summary judgment that, while C.S. alleged that he suffered from post-traumatic stress disorder as a result of Ms. Stout's actions, "there are no documented physical injuries."  (Doc. # 77 at 20.)  C.S.'s motion fails to refute this finding of fact by pointing to any evidence in the record documenting physical injury C.S. suffered as a result of Ms. Stout's actions.  C.S. cites to the Forensic Neuropsychological Evaluation conducted by Helena Huckabee, Ph.D., BCA, dated September 9, 2013.  (Doc. # 49-13.)  However, that neuropsychological evaluation does not contain evidence of physical injuries.  Therefore, the Court finds that it did not misapprehend the facts when it stated in its order that "there are no documented physical injuries."  (Doc. # 77 at 20.)

Lastly, C.S. argues that this Court misapplied controlling law.  (Doc. # 79 at 10.)  C.S. begins by discussing this Court's citation of *Gerks v. Deathe*, 832 F. Supp. 1450 (W.D. Okla. 1993).  The Court notes that a decision from a fellow district court is not controlling law and, in any event, the *Gerks* decision is not inconsistent with the Court's

decision in this case. Next, C.S. discusses three opinions from the Tenth Circuit cited in this Court's order granting summary judgment: *Harris v. Robinson*, 273 F.3d 927 (10th Cir. 2001); *Abeyta v. Chama Valley Independent School District*, 77 F.3d 1253 (10th Cir. 1996); and *Armijo v. Wagon Mound Public Schools*, 159 F.3d 1253 (10th Cir. 1998). C.S. states that these cases stand for the proposition that a due process violation may be found "regardless of the presence or absence of physical injuries." (Doc. # 79 at 11.) This correct observation does not provide a basis to alter or amend the judgment, however, because this Court never stated that C.S. could not state a due process claim solely because he did not suffer physical injury. After reviewing its prior order and the cases cited above, this Court believes that C.S. has not demonstrated that it misapplied controlling law.

### III.   CONCLUSION

Because C.S. has not shown that this Court misapprehended the facts or misapplied controlling law in its order granting Defendants' motion for summary judgment, his Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) is DENIED.

DATED: August 17, 2015                                    BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge